IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CR 466 |
| ) | |
| ) | |
| FREDDIE JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Freddie Johnson's ("Johnson"), Defendant Marilyn Rainey's ("Rainey"), Defendant Willie Collins' ("Collins"), Defendant Qiana Bishop-Oyedepo's ("Bishop-Oyedepo") and Defendant Ernest Preston's ("Preston") pretrial motions. This matter is also before the court on the Government's motion to dismiss Counts 13-16 of the Indictment. For the reasons stated below, we grant in part and deny in part the pretrial motions. We also grant the Government's motion to dismiss Counts 13-16 of the Indictment.

## DISCUSSION

I. Dismissed Counts

On October 22, 2008, the Government filed a voluntary motion to dismiss Counts 13-16 of the Indictment. We now grant the Government's voluntary motion and dismiss Counts 13-16 of the Indictment. Also on October 22, 2008, Preston filed a motion to dismiss Count 15 of the Indictment. Since we have granted the Government's motion to dismiss Count 15 of the Indictment, Preston's motion is denied as moot.

II. Motions For Early Return of Trial Subpoenas

Johnson, Collins, and Bishop-Oyedepo have each filed separate motions seeking early return of trial subpoenas pursuant to Federal Rule of Criminal Procedure 17(c)(1). The Government has indicated that it has no opposition to these motions. The Government further states that it will adhere to all disclosure requirements contained in the Federal Rules of Criminal Procedure with respect to all intended Government witnesses. Therefore, we grant the motions for the early return of trial subpoenas pursuant to Federal Rule of Criminal Procedure 17(c)(1). The early return will apply to the Government's subpoenas as well.

III. *Brady* and *Giglio* Motions

Johnson, Rainey, and Collins have each filed motions seeking the production of exculpatory and impeaching evidence as is required by *Brady v. Maryland*, 373

U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The Government has indicated that it has provided Defendants with all such materials as is presently required under *Brady* and *Giglio* and will continue to adhere to these requirements. Therefore, we deny these motions as moot.

IV. Motions to Require Disclosure of Federal Rule of Evidence 404(b) Evidence

      Johnson, Rainey, and Collins have each filed motions seeking to require the Government to provide reasonable notice of its intention to present evidence at trial of prior acts under Federal Rule of Evidence 404(b) ("Rule 404(b)"). Johnson and Collins request notice of Rule 404(b) evidence thirty days prior to trial and Rainey requests notice of Rule 404(b) evidence sixty days prior to trial. The Government has indicated that it is willing to provide notice of its intent to introduce Rule 404(b) evidence four weeks prior to trial. We agree with the Government that four weeks prior to trial is a reasonable deadline for providing Defendants with notice of any intention to introduce Rule 404(b) evidence. We also agree with the Government that, under Rule 404(b), the Government is only required to provide information concerning the "general nature" of Rule 404(b) evidence. Fed. R. Evid. 404(b). Therefore, we deny Johnson's, Rainey's, and Collins' motions relating to the time of disclosure of Rule 404(b) evidence.

V. Motions Relating to Expert Disclosure

      Collins and Preston have each filed motions to compel the Government to

produce a written summary of any expert testimony. The Government submits that it has not yet retained the services of any expert witness and that it will comply with all requirements under the Federal Rules of Evidence for the disclosure of expert testimony. Specifically, the Government states that it will provide all Defendants with its expert disclosures no later than four weeks prior to trial. We agree with the Government that four weeks is reasonable notice with respect to expert disclosures. Therefore, we deny Collins' and Preston's motions relating to expert disclosures as moot.

VI. Motions For Severance

Johnson and Bishop-Oyedepo have each filed motions requesting severance from their co-Defendants in this case. Both Johnson and Bishop-Oyedepo claim that they were improperly joined with the other co-Defendants in this case and that they would be severely prejudiced if they are tried with these other co-Defendants. Pursuant to Federal Rule of Criminal Procedure 8(b) ("Rule 8(b)"), an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Pursuant to Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)"), the court may order severance of co-Defendants' trials "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government. . . ." Fed. R. Crim. P. 14(a).

In this case, both Johnson and Bishop-Oyedepo are alleged by the Government to have participated with the other named co-Defendants in a common scheme to arrange fraudulent real estate transactions. We find that both Johnson and Bishop-Oyedepo were properly joined with the other co-Defendants in this case under Rule 8(b). Both Johnson and Bishop-Oyedepo have also failed to point to sufficient prejudice to warrant severance under Rule 14(a). As the Government points out, Johnson is alleged to be the main organizer of the fraudulent scheme and is named in every count of the indictment. Bishop-Oyedepo is alleged to have been one of the mortgage loan officers who assisted Johnson in the scheme. Therefore, we deny Johnson's and Bishop-Oyedepo's motions for severance.

VII. Motions For Leave to File Additional Pretrial Motions

Johnson and Bishop-Oyedepo have each filed motions seeking additional time to file pretrial motions if necessary. Johnson and Bishop-Oyedepo both assert that, given the extent of discovery produced by the Government in this case, Defendants may need additional time to review discovery and file further pretrial motions closer to trial. The Government does not object in principle to Johnson's and Bishop-Oyedepo's motions and merely asserts that the court should not set an indefinite period of time in which to file additional pretrial motions, but rather should establish a final deadline. We agree with the Government that it would be appropriate to set a final deadline for the filing of additional pretrial motions. Therefore, we grant Johnson's and Bishop-Oyedepo's motions for leave to file additional pretrial

motions. All further pretrial motions by Defendants must be filed no later than February 2, 2009. The Government's responses to any pretrial motions will be due by February 16, 2009.

VIII. Motions to Adopt

Johnson, Bishop-Oyedepo, Collins, Preston, and Rainey have all filed motions to adopt the motions by their co-Defendants that are applicable to them. The Government opposes these motions as fatally vague. We agree with the Government that all of the Defendants' motions are unclear on their face as to which motions they wish to adopt. However, with respect to the pretrial motions that we have granted, namely the motions for early return of trial subpoenas and the motions for leave to file additional pretrial motions, our rulings will be applicable to all Defendants in this case. Furthermore, the Government should provide notice of Rule 404(b) evidence and expert disclosures to all Defendants no later than four weeks prior to trial as they have represented in their consolidated response to the pretrial motions.

**CONCLUSION**

Based on the foregoing analysis, we grant the Government's voluntary motion to dismiss Counts 13-16 of the indictment and deny Preston's motion to dismiss Count 15 of the Indictment as moot. We deny Johnson's, Rainey's, and Collins' motions brought pursuant to *Brady* and *Giglio*. We deny Johnson's, Rainey's, and

Collins' motions with respect to the time of disclosure of Rule 404(b) evidence. We deny Johnson's and Bishop-Oyedepo's motions for severance. We deny as moot Collins' and Preston's motions relating to expert disclosures. The Government will provide expert disclosures and notice of Rule 404(b) evidence to all Defendants no later than four weeks prior to trial. We grant Johnson's, Collins', and Bishop-Oyedepo's motions for early return of trial subpoenas. Early return of trial subpoenas will equally apply to all Defendants and the Government. We grant Johnson's and Bishop-Oyedepo's motions for leave to file additional pretrial motions. All Defendants are given until February 2, 2009, to file any additional pretrial motions. The Government's response to any pretrial motions will be due by February 16, 2009. Finally, we find that Johnson's, Bishop-Oyedepo's, Collins', Preston's, and Rainey's generalized motions to adopt other Defendants' pretrial motions that are applicable to them are overly vague. However, with respect to the early return of trial subpoenas and leave to file additional pretrial motions, our rulings will apply to all Defendants.

                                                  _____
                                                  Samuel Der-Yeghiayan
                                                  United States District Court Judge

Dated: December 3, 2008